UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. MASTEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-943 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Deborah L. Masten to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition to the motion.

**I. Background**

Following a jury trial, Masten was found guilty of one count of maliciously damaging or destroying property by means of fire, in violation of 18 U.S.C. § 844(i). The evidence established that Masten intentionally set fire to a restaurant she owned in Kirksville, Missouri. Masten was sentenced to a 63-month term of imprisonment. The judgment was affirmed on appeal. United States v. Masten, 281 Fed. Appx. 640 (8th Cir. 2008). Masten filed a motion for new trial based on claims of newly discovered evidence and a Brady violation by the government.[1] The motion was denied after an evidentiary hearing and Masten did not appeal.

**II. Discussion**

In the motion to vacate, Masten asserts the following grounds for relief: (1) the government suppressed exculpatory evidence; (2) the jury was prevented from

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

hearing all of the exculpatory evidence; (3) the defense was prevented from presenting evidence to contradict the government's claim that Masten was the last person to leave the restaurant before the fire; and (4) ineffective assistance of counsel.  The relevant facts will be set forth in the discussion of each claim.

### A.  Suppression of Evidence

Masten alleges that prosecution deliberately suppressed a videotape and, as a result, the defense was deprived of the opportunity to present exculpatory evidence at trial.  The videotape at issue was created by an exterior surveillance camera that was stationed on the Adair County jail building located adjacent to the restaurant.  The videotape was reviewed by law enforcement officers shortly after the fire occurred.  A DVD copy of the videotape was given to defense counsel approximately a week before the trial.  The government's attorney represented to defense counsel (and later to the Court)  that the DVD was an accurate copy of the original videotape, but that it was of poor quality.   At no time was defense counsel told or led to believe that the videotape did not exist or that it was not available.  The videotape was obtained by Masten after the trial and was examined by an expert witness she retained in connection with her motion for new trial.

Masten raised the claim of deliberate suppression of the videotape in her motion for a new trial.  After hearing the evidence, the Court concluded that the government did not suppress the videotape, that defense counsel knew of its existence, and the videotape was at all times available to the defense.  The Court has previously determined that there was no <u>Brady</u> violation by the government and will not revisit that ruling here.

### B. Ineffective Assistance of Counsel

Masten claims that she was denied effective assistance of counsel as a result of her attorney's failure to obtain the surveillance videotape. The contents of the videotape were transferred onto a DVD which was presented by the government at trial. Defense counsel objected to the DVD, arguing that it was not the best evidence. Based on the government's representation that the DVD was an accurate copy of the videotape, the Court overruled the objection. According to Masten, the videotape shows her leaving through the back door of the restaurant---not the front door as she claims a government witness testified. She also asserts that the videotape directly contradicts the government's timeline of events that occurred in the minutes before the fire started. She claims that the DVD was not an accurate copy of the videotape, and because the videotape was not shown, the jury did not see evidence that was helpful to her defense.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that her attorney's performance fell below an objective standard of reasonableness and (2) that she was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the performance prong of the inquiry, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive and a court need not address the

reasonableness of counsel's performance in the absence of prejudice.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As noted above, the Court previously determined that the government did not mislead defense counsel with respect to the existence of the videotape.  Additionally, the Court determined that defense counsel knew about the videotape and that he acted reasonably when he relied on the government's representation that the DVD was an accurate copy of the videotape, although of poor quality.  Of course, the question here is whether defense counsel's failure to obtain the videotape before the trial was objectively unreasonable.  Assuming *arguendo* that it was, the Court finds that Masten was not prejudiced as a result.

Contrary to Masten's assertion, the government's witness, Trooper Nicholas Berry, did not testify that he saw Masten near the front door of the restaurant where the fire started.  Thus, even if the videotape showed her leaving by the back door, it would not have been usable to impeach the witness's testimony.  With respect to the timeline, Masten contends that it was the government's theory was that two minutes and 30 seconds elapsed from the time she left the restaurant until the time of the first 911 call reporting the fire and that she was unable to contradict this without the videotape.  However, no such theory was posited by the government.  Thus, even if the videotape depicted a six-minute lapse it would not have contradicted anything in the government's case.  Finally, the videotape would not have established that Trooper Berry misidentified Masten as the woman he saw outside the restaurant just before fire.  Trooper Berry's testimony that Masten waved at him was confirmed by Masten herself.

III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Masten is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims she asserts in her motion.  Therefore, the motion will be denied without a hearing.  See Engelen v. United States, 68 F.3d  238, 240 (8th Cir. 1995).  Additionally, the Court finds that Masten has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2012.